**FARUQI & FARUQI, LLP**
Lisa Omoto (SBN: 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Attorneys for Plaintiff Christine Garza*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE GARZA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>SPECTRUM BRANDS PET LLC,<br><br>                    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code § 1750,** *et seq.*<br><br>2. **Violation of California Business and Professions Code § 17200,** *et seq.*<br><br>3. **Violation of California's False Advertising Law § 17500,** *et seq.*<br><br>4. **Breach of Implied Warranty**<br><br>5. **Common Law Fraud**<br><br>6. **Intentional Misrepresentation**<br><br>7. **Negligent Misrepresentation**<br><br>8. **Quasi-Contract/Restitution**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1    Plaintiff Christine Garza ("Plaintiff"), by and through her counsel, brings this Class Action

2  Complaint against Defendant Spectrum Brands Pet LLC ("Spectrum" or "Defendant") and alleges

3  upon personal knowledge as to her own actions, and upon information and belief as to counsel's

4  investigations and all other matters, as follows:

5                                    **NATURE OF THE ACTION**

6    1.    Plaintiff brings this consumer protection and false advertising class action lawsuit

7  against Defendant, based on its false and misleading business practices with respect to the sale its

8  DreamBone Dream Kabobz product (the "Product").

9    2.    Defendant has marketed, advertised, and labeled the Product in a false and deceptive

10  manner. Defendant misleads consumers into believing that the Product is predominately made with

11  meat, when it is not. To accomplish this, the Product is prominently labeled with the representation

12  that it is "MADE WITH REAL CHICKEN, PORK & DUCK." This phrase is accompanied by images

13  of the referenced meats.[1]

14    3.    In reality, the Product's predominant ingredients are not meats. Nor are vegetables,

15  which are also identified on the consumer-facing front label, predominant ingredients.  Ingredients

16  that have more prominence in the Product include "antimicrobial" "humectant[s]" [2] such as glycerin

17  (a biodiesel byproduct) and sorbitol (a sugar substitute) and "binding agents"[3]. Thus, the Product is a

18  far cry from a quality product made predominantly with real meat and wholesome vegetables.

19    4.    Plaintiff and others have reasonably relied on Defendant's deceptive labeling,

20  packaging, and advertising in purchasing the Product, reasonably believing that the Product is

21  predominantly made with meat. Had Plaintiff and other consumers known that the Product is not

22  predominately made with meat, they would not have purchased the Product or would have paid

23  significantly less for the Product. Therefore, Plaintiff and other consumers have suffered injury in

24  fact as a result of Defendant's deceptive practices.

25

26  [1] https://www.dreambone.com/products/innovative-chews/dream-kabobz/dream-kabobz-18-
    count.aspx (Last visited Jan. 3, 2024)

27  [2] U.S. Patent No. 10,842,170 B2 (issued Nov. 24, 2020)

28  [3] *Id*.

5.      Plaintiff, on behalf of herself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and there is diversity of citizenship between some members of the proposed Class and Defendant. Finally, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

7.      This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California through the promotion, marketing, and sale of the Product, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, Plaintiff's claims arise out of Defendant's conduct within California, including Defendant's conduct of disseminating in California false and misleading representations indicating that the Product is predominately made with meat, when in fact it is not.

8.      Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendant regularly conducts business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

9.      Plaintiff Christine Garza is a citizen of California, residing in Bakersfield. In or around January of 2023, Ms. Garza purchased Dreambone Dream Kabobz from a Walmart located in Bakersfield. In purchasing the Product, Ms. Garza saw and relied on the packaging. Specifically, Ms. Garza saw and relied on the following representations on the packaging: the phrase "MADE WITH REAL CHICKEN, PORK & DUCK" and the image of a whole chicken, duck legs and a pork chop. Based on these representations, Ms. Garza believed she was purchasing a product made predominately with meat. However, unbeknownst to Ms. Garza, Dreambone Dream Kabobz is not

**CLASS ACTION COMPLAINT**

predominately made with meat, but instead is predominately made with other ingredients. Ms. Garza would not have purchased the Product or would have paid significantly less for the Product had she known that it was not predominately made with meat. Ms. Garza therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

10.     Defendant Spectrum Brands Pet LLC is a Limited Liability Company located at One Ryder Trail Plaza Dr, Suite 300 Earth City, Missouri 63045 and is wholly owned by Spectrum Brands, Inc. Spectrum Brands, Inc. is a Delaware corporation with a principal place of business at 3001 Deming Way, Middleton, Wisconsin 53562. Defendant Spectrum Brands Pet LLC is organized under New York law and has two members: Salix Animal Health, LLC and Alaska Merger Acquisition Corp. Salix Animal Health, LLC has one member: Spectrum Brands, Inc. (a Delaware company with its principal place of business in Wisconsin). Both Salix Animal Health, LLC and Alaska Merger Acquisition Corp. have their principal places of businesses in Missouri and are organized under the laws of Delaware. Thus, for diversity purposes, Spectrum Brands Pet LLC is a citizen of Missouri, Wisconsin and Delaware. Defendant and/or its agents, formulates, manufactures, labels, packages, advertises, distributes, and sells the Product nationwide, including in California.

## FACTUAL ALLEGATIONS

11.     Defendant Spectrum Brands Pet LLC produces and manufactures DreamBone chews that are rawhide free and marketed as being "made with wholesome vegetables & real [meat]."[4]

12.     Although the phrase is sometimes reduced to ubiquity, there is a reason King Frederick II of Prussia said on his death bed "the only, absolute and best friend a man has, in this selfish world, the only one that will not betray or deny him, is his dog."

13.     Pet owners develop steadfast and strong connections with their pets and are interested in their wellbeing.

14.     With such a strong connection between pet owners and pets, there has been a "growing

---

[4] https://www.dreambone.com/

**CLASS ACTION COMPLAINT**

trend of humanization and anthropomorphism of pets."[5] The humanization of pets has caused the pet food industry to experience the same trends that are seen in human food and nutrition. Thus, pet owners have stressed the importance of ingredient composition and quality when choosing pet foods.[6]

15.    Recognizing the importance of providing quality ingredients, Defendant highlights on its "Quality Assurance" page, that it uses "quality ingredients" and that its products "are all about the ingredients[.]"[7]

16.    Based on Defendant's belief that consumers view their dogs as "more than just a pet – they're family," Defendant promises to "never compromise on quality" and deliver products that are "healthy" and "taste[] great."[8]

17.    At all relevant times pertaining to this Complaint, the Product was sold across California and the United States at grocery chains, and other retailers.

18.    The Product's consumer facing label misleads consumers into believing that the primary ingredients are chicken, pork, and duck. Specifically, the Product contains the representation that the product is "MADE WITH REAL CHICKEN, PORK & DUCK." This phrase is accompanied by images of the referenced meats. The foregoing representations are herein collectively referred to as the "Representations." An example of the misleading packaging includes the following:

---

[5] Molly Schleicher, Sean B. Cash, and Lisa M. Freeman, *Determinants of pet food purchasing decisions*, Can Vet J (2019) https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6515811/
[6] Meike Rombach and David L. Dean, *It Keeps the Good Boy Healthy from Nose to Tail: Understanding Pet Food Attribute Preferences of US Consumers*, Animals (Basel) (2021) https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8614497/
[7] https://www.dreambone.com/tips-and-info/quality-assurance.aspx (Last visited Jan. 3, 2024)
[8] https://www.dreambone.com/tips-and-info/about-us.aspx (Last visited Jan. 3, 2024)

5

**CLASS ACTION COMPLAINT**



19.     Based on the Representations, Plaintiff and other reasonable consumers reasonably believe that they are purchasing a product that is primarily made of meat.

20.     Contrary to the labeling and packaging of the Product, the featured meats are not the predominant ingredients. In fact, there are several more prominent ingredients, including rice flour, pea flour, glycerin and sorbitol.

21.     Two of the more prominent ingredients in the Product, glycerin and sorbitol, evoke concern for pet owners.  Glycerin is a "byproduct of soap and biodiesel production[.]" It has also been used as "rectal laxative" and once served as an "automotive antifreeze."[9] Sorbitol is a petfood

---

[9] Anton C. Beynen, *Glycerol in semi-moist petfoods*, Petfood Magazine, Feb. 24, 2019, at 1, https://www.researchgate.net/profile/Anton-Beynen/publication/331310917_Beynen_AC_2019_Glycerol_in_semi-moist_petfoods/links/5c722a3d299bf1268d1ff074/Beynen-AC-2019-Glycerol-in-semi-moist-petfoods.pdf.

**CLASS ACTION COMPLAINT**

preservative as well as a "sugar substitute and oral/rectal laxative."[10] Defendant uses both glycerin and sorbitol in the Product as mold inhibitors.[11]

22.    Other pet brands selling similar products do contain meat as the primary ingredient. For example, NutriChomps sells rawhide-free kabob similarly claiming it is "made with real chicken" and contains an image of chicken breast on the front of the packaging.



23.    Unlike Defendant's Product, however, the NutriChomp rawhide-free kabob does contain chicken as the primary ingredient.

24.    Based on similar products with nearly identical claims, a consumer can reasonably

---

[10] Anton C. Beynen, *Sorbate and sorbitol in petfoods*, Petfood Magazine, May 10, 2019, at 1, https://www.researchgate.net/profile/Anton-Beynen/publication/332977329_Beynen_AC_2019_Sorbate_and_sorbitol_in_petfoods/links/5cd4d8f4299bf14d9586d0a1/Beynen-AC-2019-Sorbate-and-sorbitol-in-petfoods.pdf
[11] U.S. Patent No. 10,842,170 B2 (issued Nov. 24, 2020)

**CLASS ACTION COMPLAINT**

1    expect dog food products to contain meat as the primary ingredient.

2        25.    Defendant's intent to deceive its consumers and the materiality of the Representations

3    is further evidenced by Defendant's creation of an advertisement that continues to rely on the

4    importance and use of real meat in their products. In the commercial titled "DreamBone – Deliciously

5    Distracting," Defendant highlights that its products are "made with wholesome ingredients like real

6    chicken…"[12]

7        26.    The Product's labeling and packaging are misleading to reasonable consumers,

8    including Plaintiff and other Class members, and only serves the profit maximizing interests of

9    Defendant.  Indeed, consumer spending on pets has risen drastically from $17 billion in 1994 to $58

10    billion in 2014, and studies have shown that ingredients are one of the most important factors for most

11    pet owners when selecting food for their pets.[13]

12        27.    As the entity responsible for the development, manufacturing, packaging, advertising,

13    distribution, and sale of the Product, Defendant knew or should have known that the Product falsely

14    and deceptively misrepresents that it is predominantly made with meats.

15        28.    Defendant knows, knew or should have known, that Plaintiff and other consumers

16    would and did rely on the Representations before purchasing the Product, and would reasonably

17    believe that the Product was predominantly made with meat because of the Representations.

18        29.    Because the Product is not predominately made with meat as reasonably expected by

19    Plaintiff and other consumers, Defendant's marketing of the Product was and continues to be

20    misleading and deceptive.

21        30.    Each consumer has been exposed to the same or substantially similar deceptive

22    practices because: (1) the Product contains misleading and false representations; and (2) the Product

23    is not predominately made with meat.

24        31.    Plaintiff and other consumers have paid an unlawful premium for the Product. Plaintiff

25    and other consumers would have paid significantly less for the Product had they known that the

26    Product was not predominately made with meat. Therefore, Plaintiff and other consumers that

27    ─────────────────
[12] https://www.youtube.com/watch?v=-5MEMg-cDr0 (Last visited on Jan. 3, 2024)
28    [13] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6515811/

**CLASS ACTION COMPLAINT**

purchased the Product suffered injury in fact and lost money as a result of Defendant's false, misleading, unfair, and fraudulent practices, as described herein.

32.    As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Product is predominately made with meat. Furthermore, Defendant should be required to pay for all damages caused to mislead consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this case as a class action that may be properly maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of the following California Class and California Consumer Subclass (collectively, "Class" or "Classes"):

a. **The "California Class":** All persons who purchased the Product in California within the applicable statute-of-limitations period.

b. **The "California Consumer Subclass":** All persons who purchased the Product in California for personal, family, or household purposes within the applicable statute-of-limitations period.

34.    Excluded from the Classes are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

35.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

36.    Plaintiff is a member of all Classes.

37.    <u>Numerosity</u>: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

38.    <u>Common Questions Predominate</u>: There are questions of law and fact common to the

1  Class. These questions predominate over any questions affecting only individual Class members.

2      39.    All Class members were exposed to Defendant's deceptive Representations that the

3  Product is predominately made with meat, when in fact it is not.

4      40.    Furthermore, common legal and factual questions include but are not limited to:

5          a.   Whether Defendant engaged in the course of conduct alleged herein;

6          b.   Whether Defendant's conduct is likely to deceive a reasonable consumer;

7          c.   Whether Defendant's conduct constituted an unfair or deceptive act or practice;

8          d.   Whether Defendant violated the consumer protection statutes set forth below;

9          e.   Whether Plaintiff and the Class members are entitled to actual, statutory, or other

10             forms of damages and other monetary relief; and

11         f.   Whether Plaintiff and the Class members are entitled to equitable relief, including

12             but not limited to injunctive relief and equitable restitution.

13     41.    Defendant engaged in a common course of conduct in contravention of the laws

14 Plaintiff seeks to enforce individually and on behalf of Class members. Similar or identical statutory

15 and common law violations, business practices, and injuries are involved. Individual questions, if any

16 pale by comparison, in both quality and quantity, to the numerous common questions that dominate

17 this action. Moreover, the common questions will yield common answers that will materially advance

18 the litigation.

19     42.    Typicality: Plaintiff's claims are typical of the claims of the Classes she seeks to

20 represent in that Plaintiff and members of the Classes were exposed to Defendant's misleading

21 labeling, packaging and marketing, and purchased the Product reasonably relying on the misleading

22 Representations, and suffered losses as a result of such purchases.

23     43.    Adequacy: Plaintiff is an adequate representative of the Classes because her interests

24 do not conflict with the interests of the members of the Classes she seeks to represent, she has retained

25 competent counsel experienced in prosecuting class actions, and she intends to prosecute this action

26 vigorously. The interests of the members of the Classes will be fairly and adequately protected by the

27 Plaintiff and her counsel.

28

**CLASS ACTION COMPLAINT**

44.     <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes. The size of each claim is too small to pursue individually, and each individual Class member will lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. The class action mechanism is designed to remedy harms like this one that are too small in value, although not insignificant, to file individual lawsuits.

45.     <u>Injunctive or Declaratory Relief</u>: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief an appropriate remedy.

46.     <u>Notice</u>: Plaintiff's counsel anticipates that notice to the proposed Class will be effectuated through Court-approved notice dissemination methods, which may include mail, Internet posting, and/or published notice.

47.     This lawsuit is also maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CLAIM FOR RELIEF**
**<u>Violation of California's Consumers Legal Remedies Act ("CLRA"),</u>**
**<u>California Civil Code §§ 1750, <i>et seq</i>.</u>**
(*for the California Consumer Subclass*)

48.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

49.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

11

**CLASS ACTION COMPLAINT**

50.    The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

51.    Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Product with their current labels and packaging, and advertisements, Defendant has represented and continues to represent that the Product is predominately made with meat, when it is not. Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

52.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ." By marketing the Product with its current label and packaging, Defendant has represented and continues to represent that the Product has characteristics (that it is predominately made with meat) which it does not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

53.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Product with its current label and packaging, Defendant has represented and continues to represent that the Product is of a particular quality (that it is predominately made with meat) when it is of another (it is not predominantly made with meat). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

54.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By labeling and packaging the Product with the Representations so that a reasonable consumer would believe that the Product is predominately made with meat, and then intentionally selling a Product that is not made predominately made with meat, Defendant has violated section 1770(a)(9) of the CLRA.

55.    At all relevant times, Defendant has known or reasonably should have known that the Product is not predominately made with meat, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the labeling and packaging in purchasing

the Product.

56.     Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct when purchasing the Product. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

57.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Product or would have paid significantly less for the Product had they known that Defendant's conduct was misleading and fraudulent.

58.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from engaging in further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

59.     Pursuant to Cal. Civ. Code § 1782, on February 13, 2023, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on February 16, 2023. The CLRA letter to Defendant provided notice of Defendant's violations of the CLRA and demanded that Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would take appropriate action in accordance with the CLRA. Defendant failed to comply with the letter.

60.     Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letter, Plaintiff timely filed her complaint against Defendant.

### SECOND CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, _et seq._**
**(_for the Classes_)**

61.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

63.     UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

64.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

65.     Defendant's false and misleading advertising of the Product was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

66.     As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff, and members of Classes.

67.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

68.     Defendant's conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Product and were deceived by Defendant's misrepresentations. Deceiving consumers about the predominance of meat in the Product is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

69.     As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the Classes.

70.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

**CLASS ACTION COMPLAINT**

71.     Defendant's conduct here was and continues to be fraudulent because it actually deceives, or is likely to deceive, consumers into believing that the Product is predominately made with meat, when it is not. Because Defendant deceived Plaintiff and members of the Classes, Defendant's conduct was "fraudulent."

72.     As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the Classes.

73.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff and members of the Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
### Violation of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq*
### *(for the Classes)*

74.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

75.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

76.     California's FAL prohibits advertising "which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

77.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the Classes, through Defendant's deceptive labeling and packaging, that the Product is predominately made with meat. Defendant's representation is misleading because the Product is not predominately made with meat. Because Defendant has disseminated misleading information regarding the Product, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendant violated the FAL.

78.     Furthermore, Defendant knows, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

79.     As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the Classes.

80.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

<u>**FOURTH CLAIM FOR RELIEF**</u>
<u>**Breach of Implied Warranty**</u>
<u>**California Commercial Code § 2314**</u>
(***for the Classes***)

81.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

82.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

83.     California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

84.     California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as… (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

85.     Defendant is a merchant with respect to the sale of the Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

86.     By advertising the Product with its current label and in its current packaging, Defendant made an implied promise that the Product is predominately made with meat. With the Product not being made predominately with meat, Defendant has not "conformed to the promises…made on the container or label." Plaintiff and California consumers did not receive the

**CLASS ACTION COMPLAINT**

goods as impliedly warranted by Defendant to be merchantable.

87.    Therefore, the Product is not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Product.

88.    If Plaintiff and members of the Classes had known that the Product was not predominately made with meat, they would not have purchased the Product or would not have been willing to pay the premium price associated with the Product. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Common Law Fraud**
***(for the Classes)***

89.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

90.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

91.    Defendant has willfully, falsely, or knowingly labeled, packaged, and marketed the Product in a manner indicating that the Product is predominately made with meat. However, the Product is not predominately made with meat. Therefore, Defendant has made misrepresentations as to the Product.

92.    Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to the primary ingredients of the Product.

93.    Defendant knew or recklessly disregarded the fact that the Product is not predominately made with meat.

94.    Defendant intended and intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant's intentionally using advertisements, labeling and packaging with representations such as "MADE WITH REAL CHICKEN, PORK & DUCK" and

1  including images of meat.

2  95.    Plaintiff and members of the Classes have reasonably and justifiably relied on

3  Defendant's misrepresentations when purchasing the Product and had the correct facts been known,

4  would not have purchased the Product or would not have purchased it at the prices at which it was

5  offered.

6  96.    Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members

7  of the Classes have suffered economic losses and other general and specific damages, including but

8  not limited to the price premium paid for the Product, and any interest that would have accrued on

9  those monies, all in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
(*for the Classes*)

12  97.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth

13  herein.

14  98.    Plaintiff brings this claim individually and on behalf of the members of the Classes

15  against Defendant.

16  99.    Defendant labeled, packaged, and marketed the Product in a manner indicating that

17  the Product is predominately made with meat. However, the Product is not predominately made with

18  meat. Therefore, Defendant has made misrepresentations as to the Product.

19  100.    Defendant's misrepresentations regarding the Product are material to a reasonable

20  consumer because they relate to the primary ingredients of the Product. A reasonable consumer would

21  attach importance to such representations and would be induced to act thereon in making purchase

22  decisions.

23  101.    At all relevant times when such misrepresentations were made, Defendant knew that

24  the representations were misleading, or has acted recklessly in making the representations, without

25  regard to the truth.

26  102.    Defendant intended and intends that Plaintiff and others consumers rely on these

27  representations, as evidenced by Defendant's intentionally using advertisements, labeling and

28

18
**CLASS ACTION COMPLAINT**

packaging that represent that the Product is predominately made with meat. However, the Product is not predominately made with meat.

103.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased it at the price at which it was offered.

104.    Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the price premium paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
<u>**Negligent Misrepresentation**</u>
(*for the Classes*)

105.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

106.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

107.    Defendant labeled, packaged, and marketed the Product in a manner indicating that the Product was predominately made with meat. However, the Product is not predominately made with meat. Therefore, Defendant has made misrepresentations as to the Product.

108.    Defendant's misrepresentations regarding the Product are material to a reasonable consumer because they relate to the primary ingredients of the Product. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

109.    At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that that the Product was not predominately made with meat. Defendant has no reasonable grounds for believing their misrepresentation was not false and misleading.

**CLASS ACTION COMPLAINT**

110.    Defendant intended and intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant's intentionally using advertisements, labeling and packaging that represent that the Product is predominately made with meat. However, the Product is not predominately made with meat.

111.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased it at the price at which it was offered.

112.    Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the price premium paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Classes*)

113.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

114.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

115.    As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Product. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about the Product, and paid for them when they would and/or should not have, or paid more money to Defendant for the Product than they otherwise would and/or should have paid.

116.    Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the Classes.

117.    The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

118.    Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

119.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a)    For an order certifying the California Subclass and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)    For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c)    For an order declaring that Defendant has committed the violations of law asserted herein;

d)    For an order awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

e)    For and award of pre-judgment and post-judgment interest on all amounts awarded to the extent the law allows;

f)    For an award of punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

**CLASS ACTION COMPLAINT**

g)      For an order of restitution and all other forms of equitable monetary relief;

h)      For injunctive relief as pleaded or as the Court may deem proper;

i)      For an order awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees; and

j)      For any other such relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Date: January 3, 2024                              **FARUQI & FARUQI, LLP**

                                                   */s/ Lisa Omoto*
                                                   Lisa Omoto (SBN: 303830)
                                                   *lomoto@faruqilaw.com*
                                                   1901 Avenue of the Stars, Suite 1060
                                                   Los Angeles, California 90067
                                                   Telephone: (424) 256-2884
                                                   Facsimile: (424) 256-2885


                                                   *Counsel for Plaintiff*
                                                   *and the Proposed Classes*

**CLASS ACTION COMPLAINT**

DocuSign Envelope ID: 57719907-C91A-48C7-8393-4D054A988F4E

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Christine Garza, declare as follows:

1.       I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.       This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, i.e., my purchase of the Product at issue, occurred in this district.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on ___1/3/2024 | 2:00 PM EST___ at Bakersfield, California.

DocuSigned by:

66680694B099455...

Christine Garza

**CLASS ACTION COMPLAINT**